# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01243-CNS-KAS

EVELIN PRECIADO, individually and on behalf of
all others similarly situated,

      Plaintiff,

              v.

RUGSUSA, LLC,

      Defendant.

---

## DEFENDANT RUGSUSA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

## I.    INTRODUCTION

As explained in the Motion, Plaintiff does not plausibly allege facts to support any of her claims. Most glaringly, she fails to sufficiently allege that the representation she purportedly relied on was false. Moreover, her reliance on a settlement agreement between RugsUSA and a different plaintiff in a different lawsuit to show that RugsUSA somehow intended to deceive Plaintiff and the putative class is improper and prohibited by the agreement, itself. Such tactics smack of bad faith and only underscore why the Complaint should be dismissed. The Opposition does not change any of this. Plaintiff doubles down that her allegations are sufficient, but for the reasons explained below, they are not. The Complaint (Dkt. 1) should be dismissed.[1]

---

[1] All capitalized terms have the same meaning as in the Motion.

## II. <u>ARGUMENT</u>

### A. <u>Plaintiff's CCPA, Negligent Misrepresentation, And Intentional Misrepresentation Claims Should Be Dismissed</u>

#### 1. *The Complaint Does Not Satisfy Rule 9(b)*

Plaintiff agrees that her CCPA, intentional misrepresentation, and negligent misrepresentation claims are subject to Rule 9(b). (Opp., at 1–4, 12.) As explained in the Motion, the Complaint does not satisfy Rule 9(b) for two reasons. First, Plaintiff does not allege with particularity the representation she purportedly relied on (despite being able to identify hundreds of other advertisements from the Website). (Mot., at 7.) The only representation related to her purchase that Plaintiff alleges in any detail is the confirmation email she received *after* purchasing the Rug. (*Id.*, at 2–3, 7; Dkt. 1, ¶¶ 38–40.) But that does not sufficiently describe the "contents" of the representation that she saw (and purportedly relied on) *before* purchasing the Rug. *Clinton v. Sec. Benefit Life Ins*, 63 F.4th 1264, 1277 (10th Cir. 2023) (explaining that plaintiffs "must allege the time, place and contents of the false representations"); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737–38 (7th Cir. 2014) ("A sales receipt provided to a consumer after a purchase cannot show what was supposedly advertised; the representation must have been made to him *before* the purchase of the merchandise."). Plaintiff's allegations thus fall short of what Rule 9(b) requires. *See Wertz v. Clorox Servs. Co.*, No. 1:24-cv-01917-RMR-SBP, 2025 WL 684107, at *10 (D. Colo. Feb. 11, 2025) (holding that "unadorned references" to webpages with purportedly deceptive statements "do not allow the court reasonably to infer that the webpages displayed a false statement at the time Plaintiff bought or used the Product"), *adopted*, 2025 WL 615178 (D. Colo. Feb. 26, 2025).

In the Opposition, Plaintiff argues that she viewed an advertisement before her purchase and that she adequately described the advertisement. (Opp., at 1–4.) But Plaintiff's argument is just as vague as her allegations. She generally argues that she "rel[ied] on Defendant's fake sale advertisements"; that the Website represented her Rug had a regular price of $629.95 but was discounted to $440.96; and that she, again, "read and relied on Defendant's representations that the Products were discounted for a limited time." (*Id.*, at 2–3.) As explained above, that is not enough to satisfy Rule 9(b) because Plaintiff does not plausibly allege what the representation specifically stated or that she viewed the representation before her purchase. Plaintiff's own cases confirm that her allegations are deficient; the plaintiffs in those cases alleged the specifics of the false representations and facts demonstrating that they relied on the representations *before* their purchase. *See Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1215–17 (D. Colo. 2012) (plaintiff alleging that they viewed alleged misrepresentation before purchase and identified contents of misrepresentation by directly quoting it: "A great way to save—plus 10% at the register!"); *Nabiyev v. Closet World, Inc.*, No. 2:23-cv-02218-ODW (PDx), 2023 WL 7927739 (C.D. Cal. Nov. 16, 2023) (plaintiff receiving allegedly deceptive mail advertisement promising a 50% discount before purchasing closets from defendant).[2]

---

[2] *Moody v. MicroPort Orthopedics, Inc.*, No. 1:21-cv-00937-CNS-STV, 2022 WL 10032167 (D. Colo. Oct. 17, 2022) is distinguishable. There, the plaintiff alleged that the defendants falsely represented to surgeons that the defendants' artificial knee devices worked as advertised. *Id.* at *2. The plaintiffs did not allege "who made the misrepresentations" or "when and where the misrepresentations took place." *Id.* Nonetheless, this Court held that the plaintiffs' allegations were sufficient because the plaintiffs would "not be able to pinpoint the exact company representatives making the alleged false representations on a particular date." *Id.* Implicit in this Court's reasoning (footnote continued)

Second, Plaintiff does not allege with particularity how the discount that she allegedly relied on was false. Plaintiff's investigation suggested that a sale existed on the Website on 14.3% of the days over a four-year period. (Mot., at 3–4, 7.) However, this investigation was not tied to the advertisement *Plaintiff* viewed or the product *she* purchased. (*Id.*, at 7.) Her counsel's generalized "investigation" (really, a review of 235 unidentified screenshots on the WayBack machine) does not support a claim of falsity as to Plaintiff's specific purchase. *See Schertzer v. Samsonite Co. Stores, LLC*, No. 19-CV-639 JLS (MSB), 2020 WL 4281990, at *5 (S.D. Cal. Feb. 25, 2020) (dismissing complaint in false discount case because the plaintiff did not allege "that her counsel's investigation revealed that the very Suitcase she purchased had not been sold at [the regular price]"); *Seegert v. Luxottica Retail N. Am., Inc.*, No. 17cv1372 JM(BLM), 2018 WL 3472561, at *4 (S.D. Cal. July 19, 2018) (dismissing complaint under Rule 9(b) because the plaintiff did not allege that her investigators "obtained specific information" as to her claims).

In the Opposition, Plaintiff argues that her counsel's investigation supports a conclusion that RugsUSA offered sales on its Website 85% of the time. (Opp., at 3–4.) From this, Plaintiff infers that the discount as to her product must have been false. (*Id*.) However, this analysis is flawed and therefore her argument does not withstand scrutiny. Plaintiff does not allege that her counsel *randomly* visited the Website or *randomly* looked up cached information from the WayBack machine for the duration of the putative class

was that the plaintiffs could not plead when or who made the representations because those representations were not made *to them*; rather, the defendants made the representations *to the surgeons*. In contrast, here, Plaintiff alleges that she relied on representations that RugsUSA made to *her*. (Dkt. 1, ¶ 40.) Thus, she must specifically identify the content of those representations.

period[3]; nor does she allege that her counsel systematically reviewed a certain number of days in particular calendar quarters. Nor does she specify how her counsel determined which days they would review nor whether the screenshots collected from the WayBack machine are for unique dates (versus multiple for the same date). This is important because, for instance, if Plaintiff's counsel deliberately selected dates around holidays— when sales are more common—it would make sense that they would identify more sales. Indeed, many of the screenshots that Plaintiff includes in the Complaint occurred around a holiday. Thus, her inference that a sale existed 85% of the time is conclusory. The lack of detail plead regarding her counsel's investigation warrants dismissal under Rule 9(b).

Even assuming that Plaintiff's counsel is correct that RugsUSA had some type of sale on the Website 85% of the time during the putative class period, that allegation is still insufficient because Plaintiff does not tie the sales to *her product*. Plaintiff must allege with particularity that *her product* was constantly sold at the discounted price. *See Camasta*, 761 F.3d at 738 (affirming dismissal of complaint because, although the plaintiff alleged that the defendant "offered a number of sales promotions to its customers over a two-year period," he did "not show a constant or perpetual sale of any particular

---

[3] Plaintiff's counsel "collected 51 randomly selected screenshots" of the Website "from January 20, 2021, to April 10, 2023," but she does not allege the same of the "184 screenshots from June 6, 2023 through December 20, 2024," nor does she state that the screenshots are from unique days. (Dkt. 1, ¶ 25.) The statutes of limitation for Plaintiff's claims are three years at longest; thus the alleged data predating April 2022 has no materiality. *See* C.R.S. §§ 6-1-105 (stating three years for CCPA claim), 13-80-101(1)(a), (c) (stating three years for breach of contract, breach of warranty, and intentional and negligent misrepresentation claims), 13-80-102(1)(a) (stating two years for certain negligent misrepresentation claims); *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1174 (D. Colo. 2016) (stating three years for quasi-contract/unjust enrichment).

merchandise"). The mere fact that the Website had "frequent sales of various items [over the four-year period] does not support an inference that those sales were fraudulent or deceptive" as to Plaintiff's product. *Id.* Indeed, "[i]t is common practice for retail marketing to advertise promotions and sales events throughout any given year." *Waldron v. Jos. A. Bank Clothiers, Inc.*, No. 12-CV-02060 (DMC) (JAD), 2013 WL 12131719, at *3 (D.N.J. Jan. 28, 2013). Because Plaintiff's counsel's investigation did not tie any alleged sale to her product, it does not demonstrate that her product's discount was false. This fact distinguishes the cases that Plaintiff relies on, where the investigation concerned the specific product that was the subject of the lawsuit. *See Dennis v. Ralph Lauren Corp.*, No. 16cv1056-WQH-BGS, 2017 WL 3732103, at *5 (S.D. Cal. Aug. 29, 2017) (explaining that counsel's investigation included "the particular shirt purchased by Plaintiff" and that counsel observed the shirt being offered at a discount on three separate dates). Thus, Plaintiff's CCPA and misrepresentation-based claims should be dismissed.

### 2. *Plaintiff Fails To Allege Knowledge And Intent*

Plaintiff agrees that her CCPA, negligent misrepresentation, and intentional misrepresentation claims require her to plead that RugsUSA knowingly and intentionally engaged in deceptive trade practices. (Opp., at 7, 12.) Plaintiff argues that she sufficiently alleged knowledge and intent because (1) "Defendant knows what its own advertising says and the prices at which it sells its products" and (2) Defendant previously settled a lawsuit alleging that it engaged in deceptive pricing. (*Id.*, at 7.)

The first argument fails because it lacks factual allegations and instead relies on too far an inferential leap. Just because RugsUSA knows its products' prices and its

6

advertisements' content does not mean that it knows that such advertising and pricing is deceptive or that it intended such deception. The case Plaintiff relies on does not help her argument. It does not discuss whether the defendant knew its advertising was deceptive—it merely discusses under Rule 9(b) whether the defendant knew when or where it displayed a specific advertisement. *See Martinez*, 886 F. Supp. 2d at 1217.

As to the second argument, the prior settlement does not establish knowledge or intent. (Mot., at 7–9.) While Plaintiff argues that the settlement "shows that Defendant was on notice regarding the illegality of its advertisements," (Opp., at 8), the settlement agreement specifically states that it *should not* be construed as an admission of liability. (Mot., at 8.); *see Silva v. Basin W., Inc.*, 47 P.3d 1184, 1190 (Colo. 2002) ("Compromises and offers to compromise are not admissions of liability."). Plaintiff cites an out-of-circuit case, *United States v. Austin*, 54 F.3d 394 (7th Cir. 1995), for the proposition that a prior settlement shows notice and knowledge. But in *Austin* the criminal defendant admitted in the settlement agreement that he had committed fraud by buying and selling counterfeit artwork and promised not to continue to do so in the future. *Id.* at 397–98, 400. These are not the circumstances here. Plaintiff has not plausibly alleged knowledge or intent.

### 3. *Plaintiff Fails To Allege A Significant Public Impact*

Plaintiff argues that her allegation that the Website has 600,000 monthly pageviews and that RugsUSA "was already sued for using fake sales in other states" demonstrates a significant public impact. (Opp., at 9.) But the CCPA has no extraterritorial affect and is meant "to protect Colorado consumers." *See USIC Locating Servs., LLC v. Project Res. Grp., Inc.*, No. 21-cv-02785-PAB-CYC, 2025 WL 2530681, at *15 (D. Colo.

Sept. 3, 2025) (dismissing CCPA claim where the complaint failed "to allege that [the defendant] ha[d] any Colorado customers"). Even if the Website is accessible in Colorado, Plaintiff has not tied any specific number of views to Colorado consumers. And, the fact that RugsUSA was sued in other states does not demonstrate a significant public impact in Colorado.[4] *Shostrom v. Ethicon, Inc.*, No. 20-cv-1933-WJM-STV, 2022 WL 2237341, at * 2 (D. Colo. June 22, 2022) ("[E]vidence of out-of-state lawsuits cannot make it more or less probable that . . . *Colorado* consumers protected by the [CCPA] were harmed."). The CCPA claim fails for this further reason.

### B. <u>Plaintiff Fails To Allege A Breach Of Contract Or Express Warranty</u>

Plaintiff has failed to rebut RugsUSA's argument that Plaintiff has not plausibly alleged the facts of *her* purported contract with RugsUSA. (Mot., at 10–11.) Instead of identifying where in the Complaint she alleges such facts (because she cannot), Plaintiff points to allegations concerning the putative class, (Opp., at 10–11), but she "cannot rely on potential class members' injuries" to establish her claim. *RTP Roofing Co. v. State Farm Fire & Cas. Co.*, No. 21-cv-1816-WJM-SKC, 2022 WL 2064931, at *5 (D. Colo. June 8, 2022). In an attempt to save her claims, she argues that one material term in the parties' contract was RugsUSA's alleged promise that her Rug was discounted. (Opp., at 10–11.) But, as explained, Plaintiff has not alleged sufficient facts concerning that promise. Thus, she has not plausibly alleged that this was a term of the parties' contract or, if it was, a

---

[4] The other litigation was all filed by Plaintiff's counsel as a second bite at attorneys' fees. As referenced in the Complaint, counsel previously sued RugsUSA and the parties settled on a class-wide basis. The court in that case did not award counsel the amount of attorneys' fees that they had requested, prompting them to file these new lawsuits.

breach by RugsUSA.

Plaintiff's reliance on out-of-circuit authority to argue that she has sufficiently alleged the terms of her agreement with RugsUSA is inapposite. (Opp., at 11.) Unlike Plaintiff's cases, Colorado courts require "supporting factual averments identifying … what specific contractual terms [a] defendant allegedly violated." *See Goode v. Ramsaur*, No. 1:20-cv-00947-DDD-KAS, 2023 WL 11930234, at *3 (D. Colo. Sept. 30, 2023) (dismissing contract claim); *Brightspot Sols., LLC v. A+ Prods., Inc.*, No. 20-cv-03335-MEH, 2021 WL 1251512, at *5 (D. Colo. Apr. 5, 2021) (same). The contract claims should therefore be dismissed.

### C. Plaintiff Fails To Sufficiently Allege Her Unjust Enrichment Claim

Plaintiff makes two arguments in support of her unjust enrichment claim, and neither withstands scrutiny. First, she identifies two out-of-circuit cases where the courts found similar allegations were sufficient to state a claim and suggests the Court should follow their lead. Her argument fails to respond to RugsUSA's actual argument, ignores that Colorado and Oregon apply different pleading standards (*see* Opp., at 13) [citing *McCarrell,* 2025 WL 2256278, at *10], and ignores that other courts have found substantially identical allegations to be specious. *See, e.g.*, *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2025) (dismissing unjust enrichment claim; "[i]t is unclear from the facts alleged in the complaint, however, how Michaels' use of price *discounts* resulted in payment of a price *premium* to Michaels" (emphasis in original)). For the reasons stated in the Motion and Section A above, Plaintiff has failed to plausibly allege unjust conduct under Colorado law to support her claim for unjust enrichment.

9

Second, Plaintiff argues that her claim can survive Rule 12 because she has alleged it in the alternative to her breach of contract claim. (Opp., at 14.) In reaching this conclusion, Plaintiff overreads *Robert W. Thomas & Anne McDonald Thomas Tr. v. Inland Pac. Colo*., No. 11-cv-03333-WYD-KLM, 2012 WL 2190852 (D. Colo. June 14, 2012). Under Colorado law, a plaintiff *cannot* "elect alternatively between breach of express contract and unjust enrichment." *Id.* at *5 (citation omitted). Instead, the unjust enrichment claim may only be alleged in addition to the breach of contract claim if it covers subject matter outside of the contract (which is not at issue here), or in the alternative when "the party 'will have no right under an enforceable contract.'" *Id.* In *Thomas*, the court permitted the alternative unjust enrichment claim because the other party had alleged a fraudulent inducement claim. *Id.*

Here, Plaintiff alleges in conclusory fashion that her contract may be "voidable," and therefore she seeks "restitution." (Dkt. 1, ¶¶ 90–91.) Not only are these bare allegations that fail to connect the dots between alleged voidability and the equitable remedy, because these are all her claims, she is plainly seeking to "elect alternatively between" breach of contract and unjust enrichment (*Thomas*, 2012 WL 2190852, at *5), which Colorado law disallows. Further, other courts applying similar pleading standards have dismissed similarly bald allegations of unjust enrichment. *See, e.g., Vizcarra*, 710 F. Supp. 3d at 732 (dismissing claim; "Ms. Vizcarra has not pleaded that the contract she alleges she had with Michaels is unenforceable or invalid or explained why the facts she has alleged could render the contract unenforceable"); *Stephens v. Target Corp*., 694 F. Supp. 3d 1136, 1148 (D. Minn. 2023) (dismissing claim; "the 'alternative' unjust-

10

enrichment claims are not plausible as the complaint does not allege—even in the alternative—that plaintiffs lack an adequate remedy at law"); *Nguyen v. Lovesac Co.*, No. 2:24-cv-01293-TLN-JDP, 2025 WL 950511, at \*6–8 (E.D. Cal. Mar. 26, 2025); *Krantz v. Old Copper Co.*, No. 2:24-cv-10031-SPG-BFM, 2025 WL 2326840, at \*10-11 (C.D. Cal. Aug. 11, 2025). Plaintiff has failed to allege the threshold facts that permit her unjust enrichment claim to survive as an alternative to a breach of contract claim, and so this claim should be dismissed.

## III.    <u>CONCLUSION</u>

RugsUSA requests that the Court grant the Motion and dismiss the Complaint.[5]

Respectfully submitted,

Dated: October 16, 2025

*/s/ Patrick R. Akers*
Patrick R. Akers (54803)
MARKUS WILLIAMS YOUNG & HUNSICKER LLC
1775 Sherman Street, Suite 1950
Denver, Colorado 80203
(303) 830-0800
(303) 830-0809 (facsimile)
pakers@markuswilliams.com

Abby H. Meyer (CA 294947)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626
(714) 513-5100
(714) 513-5130 (facsimile)
ameyer@sheppardmullin.com

---

[5] While RugsUSA disagrees with Plaintiff's argument that the economic loss rule cannot bar intentional torts, *Veolia Water Techs., Inc. v. Antero Treatment LLC*, 564 P.3d 1089, 1107 (Colo. App. 2024), it withdraws its economic loss rule argument from the Motion.

Rana Salem (CA 358050)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
(310) 228-3700
rsalem@sheppardmullin.com

*Counsel for Defendant RugsUSA, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 7, 2025, a copy of the foregoing *Defendant RugsUSA, LLC's Reply in Support of Motino to Dismiss* was electronically filed using the Court's electronic filing system. Notice of this filing will be sent by all parties by operation of the Court's system. Parties may access this filing through the Court's system.

/s/ Patrick R. Akers
Patrick R. Akers (54803)

*Counsel for Defendant RugsUSA, LLC*