IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*9:01 am, Jun 29, 2026*
**JEFFREY P. COLWELL, CLERK**

Civil Action No. 1:25-cv-01243-CNS-KAS

**EVELIN PRECIADO, individually on behalf of**

**all others similarly situated,**

Plaintiff,

v.

**RUGSUSA, LLC,**

Defendant.

**MOTION OF INNER CITY PRESS TO INTERVENE FOR THE LIMITED**

**PURPOSE OF OPPOSING RESTRICTION AND FOR AN ORDER**

**DIRECTING PUBLIC FILING WITH NARROWER REDACTIONS**

Inner City Press, a news organization that covers federal court proceedings, respectfully moves to intervene for the limited purpose of opposing Plaintiff's Unopposed Motion to Restrict Public Access (Dkt. 117, filed June 25, 2026). Inner City Press requests that the Court deny or limit the sealing sought in Dkt. 117 and direct the parties to file the restricted documents publicly, with redactions no broader than necessary to protect legitimately confidential information that satisfies the applicable legal standard.

Last week, Inner City Press was accorded a hearing and unsealing by Magistrate Judge Neureiter, see https://www.courtlistener.com/docket/69318033/78/jones-v-united-airlines-inc/

Inner City Press submits that no hearing is necessary and that the Court may rule on this motion on the papers — but Inner City Press stands ready to participate in any hearing the Court deems appropriate.

**BACKGROUND**

This is a consumer class action alleging that Defendant RugsUSA, LLC engaged in deceptive pricing and advertising practices that misled consumers about the nature and extent of discounts

on its products. Filed April 18, 2025, the case has progressed to class certification briefing, Daubert motions concerning expert witnesses (Dr. Silverman and Dennis), and associated expert opposition briefs.

On June 25, 2026, Plaintiff filed an Unopposed Motion to Restrict Public Access (Dkt. 117) seeking Level 1 restriction under L.R. 7.2(b) for the following documents:

(1) Dkt. 101 — Unredacted Plaintiff's Silverman Daubert Opposition;

(2) Dkts. 102-1 and 102-2 — Exhibits to the Diamond Declaration in Support of Plaintiff's Silverman Daubert Opposition;

(3) Dkt. 106 — Unredacted Plaintiff's Reply in Support of Motion for Class Certification;

(4) Dkts. 107-1 and 107-2 — Exhibits to the Diamond Declaration in Support of Plaintiff's Reply in Support of Class Certification;

(5) Dkt. 110 — Unredacted Plaintiff's Dennis Daubert Opposition; and

(6) Dkts. 112-1 and 112-2 — Exhibits to the Diamond Declaration in Support of Plaintiff's Dennis Daubert Opposition.

According to Dkt. 117, the sealed materials contain information that Defendant has designated as confidential under the Protective Order (Dkts. 43-1, 46). Plaintiff states that it "filed public versions of the briefs where only the materials designated as confidential information were redacted" and that "[t]hose redactions were done narrowly." (Dkt. 117 at 2.) As to the sealed exhibits, Plaintiff states they are "excerpts of deposition testimony from Defendant's representatives' depositions designated as confidential." (Id.)

What the parties have not addressed is whether Defendant's blanket confidentiality designation over deposition testimony and expert opposition briefs satisfies the legal standard for restricting judicial documents in this Circuit. It does not.

## LEGAL STANDARD

The public's right of access to court records is grounded in both the common law and the First Amendment. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). The Tenth Circuit has held that this right extends to documents filed in connection with civil cases, including discovery materials that are submitted to the court and become part of the judicial record. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The right of access "may be abrogated only upon a showing

of competing interests that outweigh" it, and any restriction must be "no broader than necessary." Id.; see also Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 9 (1986).

Under Local Rule 7.2(b), a party seeking Level 1 restriction must establish that "the interest in restriction outweighs the presumption of public access." Critically, a confidentiality designation in a private protective order between the parties is not a sufficient basis to seal court filings. A protective order governing discovery does not automatically translate into a right to seal judicial records; the party seeking restriction must make an independent showing before the court. See D.C. v. S.K., 519 F. Supp. 3d 914, 921 (D. Colo. 2021). A defendant's insistence that materials be designated confidential cannot substitute for the court's own analysis of whether restriction is warranted.

Local Rule 7.2(e) expressly provides that "[a]ny person may file a motion to restrict or unrestrict." Inner City Press accordingly has standing to bring this motion.

## ARGUMENT

The documents at issue — Daubert opposition briefs and deposition excerpts submitted in connection with class certification — are judicial documents that directly bear on the Court's performance of its judicial functions. The Court must evaluate Plaintiff's Daubert challenges to Defendant's experts in order to determine whether expert testimony will be admitted or excluded; that analysis is central to the class certification inquiry. The Court must also consider the parties' briefing on class certification itself, including the Reply filed under restriction as Dkt. 106. These are not peripheral discovery materials; they are submissions that the Court must review and act upon in deciding pivotal questions in this litigation.

As judicial documents, they carry the presumption of public access. Helm v. Kansas, 656 F.3d at 1292. To overcome that presumption, the moving party must identify a compelling and specific interest in confidentiality and show that restriction is no broader than necessary. The fact that Defendant has designated materials as confidential in a private discovery protective order does not satisfy this standard. Protective orders exist to facilitate discovery; they do not create an independent entitlement to seal court records. The question before the Court now is not whether a protective order was properly entered — it is whether the materials qualify for restriction as judicial documents. That is a separate inquiry.

Plaintiff's motion (Dkt. 117) acknowledges that it has already filed public, redacted versions of the three opposition briefs. This is significant: it means the substance of the Daubert arguments and class certification reply are substantially accessible to the public. The question is whether the

specific items redacted from those public filings — and the deposition excerpts filed entirely under seal — satisfy the restriction standard. No party has made that showing.

Deposition testimony submitted in connection with court filings presents a particularly poor candidate for broad sealing. Courts have recognized that once deposition testimony is filed with the court and cited in support of a motion, the presumption of public access attaches. The fact that the deposition was originally taken with a confidentiality designation is relevant background, but it does not resolve the question. See Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) (recognizing that party-designated confidentiality in discovery does not determine the question of sealing court records). There is a particular public interest in consumer fraud class actions in transparency about expert evidence used to support or oppose class certification, since those proceedings determine whether potentially thousands of consumers will have access to judicial relief.

Inner City Press does not suggest that all redactions are improper. Narrow, targeted redactions of genuinely proprietary commercial information — such as specific pricing algorithms, source-code level data, or trade secrets that would cause concrete competitive harm if disclosed — may be appropriate. But the blanket restriction of entire briefs and complete deposition excerpts, based solely on a party's designation, goes further than the law requires or permits.

## PRECEDENT IN THIS DISTRICT

The District of Colorado recently demonstrated its commitment to proportionate, targeted access remedies in a case directly involving Inner City Press. In Jones v. United Airlines, 1:24-cv-03013-NYW-NRN, Magistrate Judge N. Reid Neureiter held a hearing on June 24, 2026 on Inner City Press's request to unseal exhibits filed in connection with summary judgment. At that hearing, United Airlines argued that all identifying information about comparator employees was proprietary. Magistrate Judge Neureiter disagreed, finding that the investigation of the underlying conduct "is not proprietary." The Court ordered United Airlines to re-docket 29 sealed exhibits by July 17, 2026 — with names of comparator employees redacted but with race information retained. That outcome reflects the approach this Court should take here: not blanket sealing, but surgical redaction of what is genuinely protected, with the remainder disclosed.

The same proportionality principle applies here. If specific financial figures, proprietary methodologies, or personally identifying customer information appear in the sealed exhibits, those items may be redacted. But the entire deposition transcripts and complete expert briefs need not be sealed simply because Defendant has designated them confidential.

**RELIEF REQUESTED**

Inner City Press respectfully requests that the Court:

(1) Permit Inner City Press to intervene for the limited purpose of opposing Dkt. 117;

(2) Deny Dkt. 117 to the extent it seeks blanket restriction of Dkts. 101, 102-1, 102-2, 106, 107-1, 107-2, 110, 112-1, and 112-2, and instead direct the parties to file publicly accessible versions of those documents with narrower redactions limited to specific information that meets the Helm v. Kansas standard;

(3) Docket this Motion; and

(4) Direct the parties to respond to this Motion within 14 days.

Inner City Press submits that no hearing is necessary and that the Court can resolve this motion on the papers. If the Court deems a hearing appropriate, Inner City Press stands ready to participate.

Respectfully submitted,

Matthew R. Lee

Inner City Press

PO Box 130222, Chinatown Station

New York, NY 10013

matthew.lee@innercitypress.com

Tel: 718-716-3540

Dated: June 27, 2026

Proposed for filing via email to Chambers pending ECF access

Chambers: sweeney_chambers@cod.uscourts.gov

Magistrate: starnella_chambers@cod.uscourts.gov