IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01243-CNS-KAS

EVELIN PRECIADO, individually and on behalf of all other similarly situated,

Plaintiff,

v.

RUGSUSA, LLC,

Defendant.

---

**MINUTE ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Unopposed Motion to Restrict Public Access** [#117] and non-party Inner City Press's **Motion to Intervene for the Limited Purpose of Opposing Restriction and for an Order Directing Public Filing with Narrower Redactions** [#119] ("Objection").

Plaintiff filed the Motion to Restrict [#117] on Defendant's behalf. Plaintiff attached certain discovery that Defendant had designated confidential to her Response briefs in opposition to Defendant's Motions to Exclude [#99, #109] and to her Reply in support of her Motion for Class Certification [#103]. Plaintiff states that because the cited discovery "contain[s] information that Defendant contends reflects confidential proprietary information," Plaintiff is "not in a position to place these documents into the public record." *Motion* [#117] at 2.

Non-party Inner City Press filed the Motion to Intervene and Objection [#119].[1] It argues, quite correctly, that "[a] protective order governing discovery does not automatically translate into a right to seal judicial records; the party seeking restriction must make an independent showing before the court[.]" *Objection* [#119] at 3. Inner City Press further argues that many of the documents in question contain deposition testimony that will directly bear on the Court's decision-making process—making broad restriction inappropriate. *Id.* at 3-4.

---

[1] Inner City Press does not meet the requirements for intervention as of right or permissive intervention because it does not state that it has an interest in the property or transaction underlying this action, nor a claim or defense that shares with the main action a common question of law or fact. FED. R. CIV. P. 24(a), (b). However, Local Rule 7.2 provides that "[a]ny person may file an objection to [a] motion to restrict." D.C.COLO.LCivR. 7.2(d). Therefore, Inner City Press need not intervene in order to properly object.

Defendant responded, stating that it "has re-reviewed the challenged restrictions," and "[g]iven the context in which Defendant's information is presented . . . [it] does not oppose the [Objection] and agrees that [the documents] can be publicly filed." *Response* [#124]. Accordingly,

IT IS HEREBY **ORDERED** that the Objection [#119] is **SUSTAINED**. The Motion to Restrict [#117] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **LIFT** the Level 1 Restriction on ECF Nos. 101, 102, 102-1, 102-2, 106, 107, 107-1, 107-2, 110, 112, 112-1, 112-2.

IT IS FURTHER **ORDERED** that the Clerk of Court shall mail a copy of this Minute Order to the following address:

Matthew R. Lee
Inner City Press
P.O. Box 130222, Chinatown Station
New York, NY 10013

IT IS FURTHER **ORDERED** that the Clerk of Court shall email a copy of the same to matthew.lee@innercitypress.com. *See Notices of Undeliverable Mail* [#125, #126].

Dated: October 13, 2026